| iLOBRANO, Judge.
In the litigation precipitating the instant suit' Kietra Jordan sued Dr. Thomas B. Ryan, among other defendants, alleging medical malpractice. Dr. Ryan filed a motion requesting that Jordan post security for costs. The motion was granted and Jordan was required to post bond in the amount of $1,000.00. Jordan posted a cash bond.
*975 Jordan won at the trial level but her favorable judgment was reversed by this court. Jordan v. Ryan, 95-2259 (La.App. 4th Cir. 11/27/96), 684 So.2d 1030. The Louisiana Supreme Court denied her application for review on March 27, 1997. Jordan v. Ryan, 97-0405 (La.3/27/97), 692 So.2d 397. Dr. Ryan then filed a motion for costs with the trial court. He alleged that the law firm of Newman, Mathis, Brady, Wakefield and Spe-dale (Newman, Mathis), Jordan’s attorneys, acted as surety on Jordan’s bond and should be held liable in solido with her for costs. The trial court agreed and held Newman, Mathis liable in solido for costs, citing La. R.S. 13:1215 in support.
Newman, Mathis perfects this appeal arguing that it cannot be held liable for costs because it signed no surety bond or other writing evidencing an intent to act as surety for Jordan. We agree and reverse.
| gCivil Code article 3038 provides that suretyship agreements must be express and in writing. There is no surety agreement, and Dr. Ryan now admits that Newman, Mathis was not a surety on Jordan’s bond. However, Dr. Ryan defends the trial court judgment by asserting that the court has the discretion to hold Newman, Mathis liable pursuant to Code of Civil Procedure article 1920. We disagree for two reasons.
First, that argument was not the basis of the trial court’s ruling and was never asserted in the trial court. Second, and more important is the fact that article 1920 of the Code of Civil Procedure does not give the court authority to cast a litigant’s attorney in judgment for costs. The article provides that “[ujnless the judgment provides otherwise, costs shall be paid by the party cast....” Simply, that means absent a contrary stipulation in the judgment, the loser pays costs. The article goes on to provide that, absent a legal requirement relative to costs, the court has the discretion to “render judgment for costs, or any part thereof, against any party, as it may consider equitable.” (emphasis added) Newman, Mathis are not parties to this litigation and thus article 1920 provides no authority to hold it responsible for costs.
Finding no legal basis for the trial court’s decision, we reverse and render. Dr. Ryan’s motion to hold Newman, Mathis responsible for costs is dismissed.
REVERSED AND RENDERED.